IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH B. POLLARD, III,

    Plaintiff,                   No. 2:09-cv-3435 KJN P

    vs.

SHASTA SUPERIOR COURT, et al.,    ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

                               /

        Plaintiff is a county jail inmate proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's jail trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In addition to his civil rights complaint, plaintiff has filed a motion to "introduce the Shasta Criminal State Proceedings and the Nevens Action Anderson P.D.," in which he recounts various ways Officer Nevens allegedly violated plaintiff's Fourth Amendment rights during his arrest. On January 21, 2010, plaintiff wrote a letter to the court in which he provided a copy of a letter from the Shasta County District Attorney confirming a request to have the Department of Justice test the controlled substance at issue in the criminal proceedings. Plaintiff notes that this request allegedly demonstrates that the chain of custody was broken.

Review of the complaint and various other documents filed by plaintiff in this action shows that his claims all arise from or are intertwined with ongoing criminal proceedings against him in Shasta County Superior Court. Plaintiff seeks injunctive relief in the December 10, 2009 complaint, and in separate motions for injunctive relief filed December 10, 2009.

As a general rule, federal courts may not issue injunctive relief that affects ongoing state criminal proceedings where those proceedings provide the defendant with an opportunity to raise federal questions. See Younger v. Harris, 401 U.S. 37 (1971). The holding in Younger "leaves room for possible exceptions to the general rule for 'bad faith, harassment, or other unusual circumstances that would call for equitable relief.'" Phillips v. Vasquez, 56 F.3d 1030, 1038 (9th Cir.) (Kleinfeld, J., concurring) (quoting Younger, 401 U.S. at 54), cert. denied, 516 U.S. 1032 (1995). However, the exception to Younger is extremely narrow and limited to circumstances where plaintiff is threatened with irreparable injury "above and beyond that associated with the defense of a single prosecution brought in good faith." Younger, 401 U.S. at 48. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 677 (1971) (quoted in Carden v. State of Montana, 626 F.2d 82, 84 (9th Cir. 1980).

////

1 | Plaintiff claims, *inter alia,* that defendants tampered with evidence, violated his
2 | Fourth Amendment rights by illegally stopping him and seizing a document protected by work
3 | product privilege, and are violating his rights to due process and a speedy trial in an effort to
4 | pursue criminal charges against him. Plaintiff sets forth facts surrounding his arrest and
5 | prosecution. Plaintiff has not yet gone to trial on the criminal charges in state court.

The issues raised in plaintiff's complaint are properly raised as a defense in the state court prosecution and do not support plaintiff's assertion of an exception to the general rule prohibiting federal court intervention in ongoing state criminal proceedings. Younger held that interference with a state criminal prosecution would disrupt the exercise of a basic state function, "prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its law and Constitution." Id., 401 U.S. at 51-52. Thus, a criminal prosecution implicates important state interests.

Plaintiff has not demonstrated that the state court cannot address his claims in a timely manner. State courts routinely consider federal constitutional issues as part of the criminal appellate process. See, e.g., People v. Phillips, 135 Cal.App.4th 422, 424, 37 Cal.Rptr.3d 539 (3d Dist.2006) (considering appellant's claim that the trial court improperly denied his motion to represent himself under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975)).

For the foregoing reasons, the court should dismiss plaintiff's claims for declaratory and injunctive relief pursuant to the doctrine of Younger abstention. For the same reasons, plaintiff's December 10, 2009 motions for temporary restraining order and/or preliminary injunction should be denied

Plaintiff also seeks damages. Plaintiff may not bring a civil rights action for money damages based on claims arising out of criminal proceedings against him, or the arrest leading to those proceedings, until the proceedings have concluded in either the final dismissal of

the criminal charges, an acquittal, or, if plaintiff is convicted, the invalidation or expungement of that conviction. See Alvarez-Machain v. U.S., 107 F.3d 696 (9th Cir.1996); see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).

Finally, plaintiff requested removal of his state criminal case to federal court. Plaintiff's sole federal remedy with respect to his state criminal proceedings and his confinement in jail lies in a petition for writ of habeas corpus. However, plaintiff may not seek federal habeas relief until his state criminal proceedings have been completed and he has exhausted state court remedies available for any convictions that result from the state criminal proceedings. Thus, plaintiff's request for removal of his state criminal case to federal court must also be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 10, 2009 motions for injunctive relief be denied (Docket Nos. 3 & 4), and his claims for injunctive relief be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).

2. Plaintiff's December 10, 2009 motion for removal be denied. (Docket No. 4.)

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

////

////

////

////

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2010

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

poll3435.56