1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH B. POLLARD, III,

11            Plaintiff,                        No. 2:09-cv-3435 KJN P

12       vs.

13   SHASTA SUPERIOR COURT, et al.,      <u>ORDER AND</u>

14            Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a county jail inmate proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1  payments of twenty percent of the preceding month's income credited to plaintiff's jail trust

2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4  U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18          A complaint, or portion thereof, should only be dismissed for failure to state a

19  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23  complaint under this standard, the court must accept as true the allegations of the complaint in

24  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    In addition to his civil rights complaint, plaintiff has filed a motion to "introduce

2  the Shasta Criminal State Proceedings and the Nevens Action Anderson P.D.," in which he

3  recounts various ways Officer Nevens allegedly violated plaintiff's Fourth Amendment rights

4  during his arrest.  On January 21, 2010, plaintiff wrote a letter to the court in which he provided a

5  copy of a letter from the Shasta County District Attorney confirming a request to have the

6  Department of Justice test the controlled substance at issue in the criminal proceedings.  Plaintiff

7  notes that this request allegedly demonstrates that the chain of custody was broken.

8    Review of the complaint and various other documents filed by plaintiff in this

9  action shows that his claims all arise from or are intertwined with ongoing criminal proceedings

10  against him in Shasta County Superior Court.  Plaintiff seeks injunctive relief in the December

11  10, 2009 complaint, and in separate motions for injunctive relief filed December 10, 2009.

12    As a general rule, federal courts may not issue injunctive relief that affects

13  ongoing state criminal proceedings where those proceedings provide the defendant with an

14  opportunity to raise federal questions.  See Younger v. Harris, 401 U.S. 37 (1971).  The holding

15  in Younger "leaves room for possible exceptions to the general rule for 'bad faith, harassment, or

16  other unusual circumstances that would call for equitable relief.'"  Phillips v. Vasquez, 56 F.3d

17  1030, 1038 (9th Cir.) (Kleinfeld, J., concurring) (quoting Younger, 401 U.S. at 54), cert. denied,

18  516 U.S. 1032 (1995).  However, the exception to Younger is extremely narrow and limited to

19  circumstances where plaintiff is threatened with irreparable injury "above and beyond that

20  associated with the defense of a single prosecution brought in good faith."  Younger, 401 U.S. at

21  48.  "Only in cases of proven harassment or prosecutions undertaken by state officials in bad

22  faith without hope of obtaining a valid conviction and perhaps in other extraordinary

23  circumstances where irreparable injury can be shown is federal injunctive relief against pending

24  state prosecutions appropriate."  Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 677 (1971)

25  (quoted in Carden v. State of Montana, 626 F.2d 82, 84 (9th Cir. 1980).

26  ////

1    Plaintiff claims, *inter alia,* that defendants tampered with evidence, violated his

2 Fourth Amendment rights by illegally stopping him and seizing a document protected by work

3 product privilege, and are violating his rights to due process and a speedy trial in an effort to

4 pursue criminal charges against him.  Plaintiff sets forth facts surrounding his arrest and

5 prosecution.  Plaintiff has not yet gone to trial on the criminal charges in state court.

6    The issues raised in plaintiff's complaint are properly raised as a defense in the

7 state court prosecution and do not support plaintiff's assertion of an exception to the general rule

8 prohibiting federal court intervention in ongoing state criminal proceedings.  Younger held that

9 interference with a state criminal prosecution would disrupt the exercise of a basic state function,

10 "prohibiting the State from carrying out the important and necessary task of enforcing these laws

11 against socially harmful conduct that the State believes in good faith to be punishable under its

12 law and Constitution."  Id., 401 U.S. at 51-52.  Thus, a criminal prosecution implicates important

13 state interests.

14    Plaintiff has not demonstrated that the state court cannot address his claims in a

15 timely manner.  State courts routinely consider federal constitutional issues as part of the

16 criminal appellate process.  See, e.g., People v. Phillips, 135 Cal.App.4th 422, 424, 37

17 Cal.Rptr.3d 539 (3d Dist.2006) (considering appellant's claim that the trial court improperly

18 denied his motion to represent himself under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525

19 (1975)).

20    For the foregoing reasons, the court should dismiss plaintiff's claims for

21 declaratory and injunctive relief pursuant to the doctrine of Younger abstention.  For the same

22 reasons, plaintiff's December 10, 2009 motions for temporary restraining order and/or

23 preliminary injunction should be denied

24    Plaintiff also seeks damages.  Plaintiff may not bring a civil rights action for

25 money damages based on claims arising out of criminal proceedings against him, or the arrest

26 leading to those proceedings, until the proceedings have concluded in either the final dismissal of

1   the criminal charges, an acquittal, or, if plaintiff is convicted, the invalidation or expungement of

2   that conviction.  See Alvarez-Machain v. U.S., 107 F.3d 696 (9th Cir.1996); see also Smithart v.

3   Towery, 79 F.3d 951, 952 (9th Cir. 1996).

4           Finally, plaintiff requested removal of his state criminal case to federal court.

5   Plaintiff's sole federal remedy with respect to his state criminal proceedings and his confinement

6   in jail lies in a petition for writ of habeas corpus.  However, plaintiff may not seek federal habeas

7   relief until his state criminal proceedings have been completed and he has exhausted state court

8   remedies available for any convictions that result from the state criminal proceedings.  Thus,

9   plaintiff's request for removal of his state criminal case to federal court must also be denied.

10          In accordance with the above, IT IS HEREBY ORDERED that:

11          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

12          IT IS HEREBY RECOMMENDED that:

13          1.  Plaintiff's December 10, 2009 motions for injunctive relief be denied (Docket

14   Nos. 3 & 4), and his claims for injunctive relief be dismissed pursuant to Younger v. Harris, 401

15   U.S. 37 (1971).

16          2.  Plaintiff's December 10, 2009 motion for removal be denied.  (Docket No. 4.)

17          3.  This action be dismissed without prejudice.

18          These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20   one days after being served with these findings and recommendations, plaintiff may file written

21   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

22   ////

23   ////

24   ////

25   ////

26

1   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

2   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

3   F.2d 1153 (9th Cir. 1991).

4   DATED:  February 16, 2010

5                                                    /s/ Kendall J. Newman

6                                      KENDALL J. NEWMAN
                                       UNITED STATES MAGISTRATE JUDGE

    poll3435.56

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26